UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDLE, | No. 2:16-cv-2419 KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. GOODWIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. By order filed January 3, 2018, the instant action was referred to the ADR project, and the parties were informed that it would be set for settlement conference on the same day as plaintiff's other pending case, Randle v. Elizarraras, No. 2:17-cv-1700 KJN (E.D. Cal.), for purposes of judicial economy and to save the parties' time and resources. (ECF No. 24 at 1.) On January 9, 2018, plaintiff filed objections to defendants' request to concurrently set such settlement conferences. (ECF No. 26.) Plaintiff argues that each case involves different claims against different individuals and allege different constitutional violations. Plaintiff states he is not trying to waste the court's time, but wants to ensure he is getting a fair value assessment of each case on its own merit. In the alternative, plaintiff asks the court to appoint counsel to represent him during the negotiations.

Plaintiff's objections are overruled. It is not uncommon for the court to address all of a litigant's pending cases in connection with settlement negotiations in one case. The merits of

1

1 | each case are discussed, and the value of each case is taken into consideration.  Because the
2 | settlement conference is set for April 3, 2018, plaintiff has sufficient time to review his cases and
3 | determine each case's value prior to the settlement conference.  If plaintiff believes a settlement
4 | offer is not fair, he is not required to accept such offer.

With regard to his request for counsel, plaintiff has not shown good cause for such appointment or otherwise demonstrated exceptional circumstances warrant the appointment of counsel for settlement purposes.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Therefore, this matter is set for settlement conference on April 3, 2018, at 9:00 a.m., in Courtroom #25 before the undersigned.   The parties are instructed to have a principal with full settlement authority present for the settlement conference or to be fully authorized to settle the matter on any terms.  The individual with full settlement authority to settle must also have unfettered discretion and authority to change the settlement position of the party, if appropriate. The purpose behind requiring attendance of a person with full settlement authority is that the parties view of the case may be altered during the face to face conference.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  The parties are directed to exchange non-confidential settlement conference statements seven days prior to this settlement conference.  These statements shall be simultaneously mailed or delivered to the Court using the following email address: kjnorders@caed.uscourts.gov.  These statements should not be filed on the case docket.  If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

As ordered in Randle v. Elizarraras, No. 2:17-cv-1700 KJN P, plaintiff shall appear via videoconference.  (Id., ECF No. 19.)  Because a writ of habeas corpus ad testificandum issued on January 10, 2018, for plaintiff's appearance on April 3, 2018, no additional writ is required.  (Id.)

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 26) are overruled;

2. Plaintiff's request for appointment of counsel (ECF No. 26) is denied without prejudice; and

3. This case is set for settlement conference on April 3, 2018, at 9:00 a.m., before the undersigned. The writ for plaintiff's attendance by videoconference on April 3, 2018, was issued in No. 2:17-cv-1700 KJN P on January 10, 2018.

Dated: January 16, 2018

/rand2419.objs

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE